[743 NYS2d 482]

In the Matter of HENRY WELT, an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 18, 2002

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Lawrence Iason* of counsel (*Morvillo, Abramowitz, Grand, Iason & Silverberg, P.C.,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Henry Welt was admitted to the practice of law

in the State of New York by the First Judicial Department on January 15, 1973. At all times relevant, respondent has maintained an office in this Department.

Respondent submits his resignation, pursuant to 22 NYCRR 603.11, in response to a sua sponte investigation by the Departmental Disciplinary Committee for the First Judicial Department. The Committee commenced this investigation in response to respondent's former law firm's disclosure of various acts of professional misconduct by respondent.

In an affidavit of resignation dated April 10, 2002, respondent admits that he received partial reimbursement from his law firm for charitable contributions he claimed he made to a museum, but which he never made. Respondent also avers that he received reimbursement from the firm for a contribution he alleged to have made, but never made, to a charity event and for the cost of conservation of a painting he had displayed in the firm, for which he never paid the payee. Further, respondent states that he sought and received reimbursement from the firm for his wife's travel expenses involving a personal trip to attend a wedding of a foreign lawyer with whom he developed a relationship. Respondent acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against those accusations.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys effective immediately.

Since respondent's affidavit of resignation acknowledges his professional misconduct and properly conforms to the requirements set forth in Rules of this Court (22 NYCRR) § 603.11, insofar as respondent offers his resignation freely and voluntarily, without coercion or duress, and that he is fully aware of the implications of submitting his resignation, the motion should be granted.

Accordingly, respondent's resignation should be accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 10, 2002.

WILLIAMS, P.J., NARDELLI, ROSENBERGER, MARLOW and GONZALEZ, JJ., concur.

Respondent's resignation accepted and respondent's name stricken from the roll of attorneys and counselor-at-law in the

State of New York, nunc pro tunc to April 10, 2002. Motion No. 6402 deemed withdrawn.